UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| SCHYLER GRODMAN,<br><br>    Plaintiff,<br><br>v.<br><br>TEXAS TECH UNIVERSITY HEALTH SCIENCES CENTER,<br><br>    Defendant. | No. 5:23-CV-210-H |

## ORDER

Before the Court is the plaintiff's First Amended Complaint. Dkt. No. 10. Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading "once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B). Outside of that time window, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Because the plaintiff has failed to comply with Rule 15(a), the Court *sua sponte* strikes the plaintiff's First Amended Complaint (Dkt. No. 10) as untimely.

The plaintiff filed his original complaint on September 7, 2023. Dkt. No. 1. On October 4, Texas Tech University Health Sciences Center moved to dismiss some of the plaintiff's claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. No. 5. The plaintiff's initial deadline to respond was October 25 (Dkt. No. 6 at 1)—21 days after the filing and service of the motion to dismiss—but the Court extended that deadline to November 22 (Dkt. Nos. 7; 9). On November 22, the plaintiff filed a response to the motion to dismiss (Dkt. No. 11) and also filed his First Amended Complaint (Dkt. No. 10).

Rule 15(a)(1)(B) permits a plaintiff to amend his complaint within 21 days of service of a motion under Rule 12(b). Fed. R. Civ. P. 15(a)(1)(B). By the Rule's text, the plaintiff's opportunity to amend his complaint on his own accord expired 21 days after the motion to dismiss was filed on October 25. *See also* Wright & Miller, *Federal Practice & Procedure* § 1480 ("When this time period expires or the party already has amended the pleading, [Rule 15(a)(1)(B) no longer applies and an amendment falls under Rule 15(a)(2), which requires leave of court or the written consent of the opposing party."). Because the Court did not grant leave for him to amend his complaint and because the plaintiff gives no indication that the defendants consented to its filing, the amendment is not permitted by Rule 15.

Accordingly, the Court, *sua sponte*, strikes the plaintiff's First Amended Complaint (Dkt. No. 10) without prejudice as untimely under Rule 15(a)(1)(B). The plaintiff may seek to amend his complaint but must comply with the requirements of Rule 15.

So ordered on November 29, 2023.

                                               JAMES WESLEY HENDRIX
                                               UNITED STATES DISTRICT JUDGE